IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SERVICE LIGHTING, INC.,<br><br>Defendant. | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") brings this civil action against Service Lighting, Inc. ("Service Lighting").

## THE PARTIES

1. PIC is a Massachusetts corporation with a place of business at 467 Sagamore Street, Hamilton, Massachusetts 01936.

2. On information and belief, Service Lighting is a Minnesota corporation having an address at 11621 95th Ave N, Maple Grove, Minnesota 55369.

## JURISDICTION AND VENUE

3. This is a civil action for injunctive relief and damages for violation of the copyright laws of the United States, 17 U.S.C. §§ 101, et seq.; the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq.; and for unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A. Jurisdiction over the state law claim is proper under 28 U.S.C. § 1367.

4. The amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

5. Service Lighting does business in Massachusetts.

6. Service Lighting operates a commercial website ([www.servicelighting.com](www.servicelighting.com), "Service Lighting's website").

7. Service Lighting's website is accessible from Massachusetts.

8. Through its website, Service Lighting advertises, sells, and offers for sale lighting products to online visitors, including online visitors located in Massachusetts, and invites visitors to its website to create online accounts.

9. Service Lighting does not exclude Massachusetts consumers from visiting, interacting with, or making purchases through its website.

10. This Court has personal jurisdiction over Defendant because Defendant: has transacted business in Massachusetts; has contracted to supply products and/or services in Massachusetts; and has injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on Service Lighting's website (which can be accessed in Massachusetts) to advertise and sell products.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PIC'S COPYRIGHTED IMAGES

12. PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

13. Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

14. PIC authored the 23 photographic images referenced in this Complaint (the "PIC Images") (attached as Exhibit A).

15. Each of the PIC Images is a photograph of a Sylvania product that PIC created.

16. PIC retains ownership of all right, title, and interest in the copyrights for the PIC Images.

17. All of the PIC Images were made the subject of applications which matured into United States Copyright Registration Certificate Nos. VA 1-359-243; VA 1-359-244; VA 1-916-409; VA 1-916-412; VA 1-916-418; VA 1-916-428; VA 1-916-447; VA 1-916-450; VA 1-916-451; VA 1-917-076; VA 1-917-078; VA 1-917-079; VA 1-917-085; VA 1-917-100; VA 1-917-106; and VA 1-948-048 (attached as Exhibit B).

18. Service Lighting's infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

19. Before publishing the PIC Images, PIC attaches, or includes therewith, the name of the author (Paul Kevin Picone), copyright owner (P.I. Corp.), and copyright notice (collectively, "PIC Copyright Management Information"), as shown in the examples below:



20. PIC followed this practice when providing its images to Sylvania, including for the PIC Images.

21. Sylvania at least sometimes uses PIC Copyright Management Information on images authored by PIC, as shown in Exhibit C.

22. When Sylvania provides copies of images authored by PIC to its distributors, it at least sometimes does so with PIC Copyright Management Information attached or included therewith, as demonstrated by the presence of PIC Copyright Management Information on or associated with images used by those distributors in Exhibit D.

**SERVICE LIGHTING'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES**

23. At least 28 webpages from Service Lighting's website, www.servicelighting.com (see Exhibit E), display or displayed a partial or whole copy of one of the PIC Images ("Accused Images").

24. Each of the captured Service Lighting webpages in Exhibit E is or was owned and operated by Service Lighting.

25. Each of the captured Service Lighting webpages in Exhibit E includes or included an Accused Image.

26. Each of the captured Service Lighting webpages in Exhibit E includes or included an Accused Image without the PIC Copyright Management Information.

27. For example, in the table below, a PIC Image, entitled "PalPodz G2 HoneyPot_Entire copy.tif" and registered with the Copyright Office on June 21, 2013 (Reg. No. VA 1-916-412), is shown on the top left. The image on the top right, without the PIC Copyright Management Information, appears on a webpage of Service Lighting's website pictured in the second row.

| PIC Image | Accused Image (Service Lighting's Infringing Copy) |
|---|---|
| PalPodz G2 HoneyPot_Entire copy.tif | |



http://www.servicelighting.com/catalog_product.cfm?prod2=SL72491

6

28. Thus, even though PIC provides PIC Images to Sylvania with the PIC Copyright Management Information, and even though Sylvania at least sometimes uses PIC Images with the PIC Copyright Management Information, and even though Sylvania at least sometimes distributes PIC Images with the PIC Copyright Management Information, Service Lighting nevertheless displays or displayed PIC Images on Service Lighting's website without the PIC Copyright Management Information.

29. On information and belief, Service Lighting removed PIC Copyright Management Information from at least some of the PIC Images.

30. The captured webpages in Exhibit E include or included Accused Images that not only lack PIC Copyright Management Information but also include or included false Service Lighting copyright management information. *See* Exhibit F. When a visitor to Service Lighting's website "right-clicks" on the Accused Images, a notice appears wherein Service Lighting claims to own the copyright in the Accused Images ("Content & Pictures are Copyright Service Lighting, Inc. Our website property is not Public Domain, and should NOT be taken from this site.").

31. For example, as shown in the table below, Service Lighting's false copyright management information appears on a copy of the PIC Image identified in paragraph 27 above.

| Service Lighting's Infringing Copy of PIC Image with False Copyright Management Information |
|---|
|  |
|  |
| http://www.servicelighting.com/catalog_product.cfm?prod2=SL72491 |

32. False Service Lighting copyright management information likewise appears or appeared on other Accused Images in the captured webpages. *See* Exhibit F.

33. On information and belief, Service Lighting otherwise altered copies of the PIC Images. The PIC images were altered using image editing software, such as "Adobe Photoshop." PIC's unique orientation of the products, the location of the shadows and reflections, and the pattern of the background are visible in multiple Accused Images despite Service Lighting's removal of other products from the PIC Images or other attempts to change the PIC Images. Vestiges of these unique elements in the PIC Images are visible in multiple Accused Images, despite unsuccessful attempts by Service Lighting to remove them.

34. Some of the captured Service Lighting webpages in Exhibit E not only display or displayed Accused Images without the PIC Copyright Management Information, but also display or displayed Accused Images without Sylvania etching on the product.

35. Additionally, some of the captured Service Lighting webpages in Exhibit E not only display or displayed Accused Images without the PIC Copyright Management Information and without Sylvania etching on the product, but also include or included false etching on the product.

36. For example, in the table below, the PIC Image entitled "Dulux EOL 18W D-E _Etch.tif" and registered with the Copyright Office (Reg. No. VA 1-917-100, effective date June 21, 2013), is shown on the top left. The image on the top right, an altered copy of the PIC Image that appears on Service Lighting's website, lacks the PIC Copyright Management Information, lacks a Sylvania etching, and includes an "Energy Wiser" etching on the product.

| PIC Image | Service Lighting's Infringing Copy |
|---|---|
|  Dulux EOL 18W D-E _Etch.tif | |
|  http://www.servicelighting.com/catalog_product.cfm?prod2=BB524238 | |

10

37. Additionally, false Service Lighting copyright management information appears on the altered copy of the PIC Image identified in paragraph 36, as shown in the table below.

| Service Lighting's Infringing Copy of PIC Image with False Copyright Management Information |
|---|
|  |
| http://www.servicelighting.com/catalog_product.cfm?prod2=BB524238 |

38. Some of the captured Service Lighting webpages in Exhibit E use or used the Accused Images to advertise products of companies other than Sylvania.

39. For example, in the table shown in paragraph 36, the image on the top right, an altered copy of a PIC Image, is used to advertise a non-Sylvania product on the webpage of Service Lighting's website pictured in the second row (in addition to lacking PIC Copyright Management Information, lacking the Sylvania etching, including false "Energy Wiser" etching, and including false copyright management information, as pled previously).

40. PIC did not provide any PIC Images to Service Lighting.

41. PIC did not provide the Accused Images to Service Lighting.

42. PIC never authorized Service Lighting to use the Accused Images.

43. Sylvania never authorized Service Lighting to use Accused Images without the Sylvania etchings.

44. Sylvania never authorized Service Lighting to use Accused Images with superimposed, false, non-Sylvania etchings.

45. Sylvania never authorized Service Lighting to use Accused Images to advertise products of companies other than Sylvania.

46. Sylvania never authorized Service Lighting to use the Accused Images without the PIC Copyright Management Information.

47. Sylvania never authorized Service Lighting to use the Accused Images with false copyright management information.

48. Service Lighting has copied, distributed, and/or used—and continues to copy, distribute, and/or use—the Accused Images, at least on its website, to advertise and sell products.

49. Service Lighting has never been, and is not currently, licensed or otherwise authorized by PIC to copy, distribute, and/or use the Accused Images.

50. Service Lighting has never been, and is not currently, licensed by Sylvania to copy, distribute, and/or use the Accused Images, let alone to do so without the PIC Copyright Management Information, to do so with false copyright management information, to do so without Sylvania etchings, to do so with false etchings, or to advertise non-Sylvania products.

## **DAMAGE TO PIC'S BUSINESS AND REPUTATION**

51. PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

52. For over three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services. Through PIC's longstanding practice of attaching to each published PIC Image, or including therewith, the names "P.I. Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography. PIC thus has common law trademark rights in the P.I. CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

53. PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images, or includes therewith, as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

54. PIC is not affiliated with Service Lighting and has not approved Service Lighting's use of or alterations to PIC Images.

55. By removing the PIC Marks and Copyright Management Information from the PIC Images, Service Lighting has removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

56. By distributing PIC Images with false Service Lighting copyright management information, Service Lighting has created a likelihood that consumers will mistakenly believe that Service Lighting created the PIC Images. The application of false Service Lighting copyright management information misleadingly represents to the world that Service Lighting – and not PIC – is the author, source, and copyright owner of the PIC Images displayed on Service Lighting's website.

## COUNT I
**(Copyright Infringement, 17 U.S.C. § 501)**

57. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

58. Service Lighting has infringed PIC's copyrights in the PIC Images, in violation of 17 U.S.C. § 501, by copying, distributing, and/or using PIC Images without license or other authorization.

59. Service Lighting's infringement has been knowing and willful.

60. Service Lighting's infringement has damaged PIC in an amount to be proven at trial.

61. Unless stopped by an injunction, Service Lighting will continue infringing PIC's copyrights in its PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## COUNT II
**(Integrity of Copyright Management Information, 17 U.S.C. § 1202)**

62. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

63. On information and belief, Service Lighting has knowingly and with intent to induce, enable, facilitate, or conceal infringement of the PIC Images, provided and/or distributed

false copyright management information in relation to its use of the PIC Images, in violation of 17 U.S.C. § 1202(a).

64. On information and belief, Service Lighting intentionally removed or altered PIC Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright management information with knowledge that the PIC Copyright Management Information was removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

65. On information and belief, Service Lighting's violations of 17 U.S.C. § 1202 have been knowing and willful.

66. Service Lighting's violations of 17 U.S.C. § 1202 have damaged PIC in an amount to be proven at trial.

67. Unless stopped by an injunction, Service Lighting's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## COUNT III
**(Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)**

68. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

69. Service Lighting is, and at all relevant times has been, engaged in commerce.

70. Service Lighting's acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

71. Service Lighting's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A.

72. Service Lighting's unfair and deceptive trade practices impact the public interest by causing consumer confusion.

73. Service Lighting's acts and/or omissions as described above were knowing and willful.

74. Service Lighting's unfair and deceptive trade practices damaged PIC in an amount to be determined at trial.

75. Unless stopped by an injunction, Service Lighting's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## **RELIEF REQUESTED**

WHEREFORE, PIC requests that this Court:

A. Enter judgment that the Court has jurisdiction over the parties to and subject matter of this action.

B. Enter judgment that Service Lighting has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

C. Permanently enjoin Service Lighting, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

D. Order the recall, impounding, and destruction of all infringing copies made, used or distributed by Service Lighting in violation of PIC's exclusive rights in and to its PIC Images (and, in the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

E. Direct Service Lighting to pay to PIC its actual damages and any additional profits realized by Service Lighting, pursuant to 17 U.S.C. § 504.

F. Order that, in the alternative to actual copyright damages, at PIC's election, Service Lighting shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

G. Enter judgment that Service Lighting has violated and continues to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

H. Permanently enjoin Service Lighting, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from further violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(1).

I. Order the impounding of all devices or products in the custody or control of Service Lighting that were involved in the violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

J. Direct Service Lighting to pay to PIC its actual damages and any additional profits realized by Service Lighting, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

K. Order that, in the alternative to actual damages, at PIC's election, Service Lighting shall pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and 1203(c)(3)(B).

L. Enter judgment that Service Lighting has engaged and continues to engage in unfair and deceptive trade practices in violation of Mass. Gen. L. Ch. 93A.

M. Direct Service Lighting to pay to PIC its damages sustained as a result of Service Lighting's unfair and deceptive trade practices.

N. Permanently enjoin Service Lighting, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with it, from committing further unfair and deceptive trade practices, pursuant to Mass. Gen. L. Ch. 93A.

O. Enter judgment that Service Lighting's copyright infringements and unfair and deceptive trade practices have been knowing and willful.

P. Enter judgment that Service Lighting's 17 U.S.C. § 1202(a) violations of the Digital Millennium Copyright Act have been knowing and with intent to induce, enable, facilitate, or conceal infringement.

Q. Enter judgment that Service Lighting's 17 U.S.C. § 1202(b) violations of the Digital Millennium Copyright Act have been knowing and intentional.

R. Order Service Lighting to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction.

S. Award PIC its legal fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5); Mass. Gen. L. ch. 93A, or other applicable law.

T. Award PIC treble damages pursuant to Mass. Gen. L. Ch. 93A or other applicable law.

U. Award PIC such further relief as this Court may deem just and proper.

## JURY DEMAND

PIC hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

| | |
|---|---|
| Dated: October 23, 2015 | */s/ Michael N. Rader*<br>Michael N. Rader, BBO # 646990<br>mrader@wolfgreenfield.com<br>Turhan F. Sarwar, BBO # 686764<br>tsarwar@wolfgreenfield.com<br>Joshua J. Miller, BBO # 685101<br>jmiller@wolfgreenfield.com<br>WOLF, GREENFIELD & SACKS, P.C.<br>600 Atlantic Ave.<br>Boston, MA 02210<br>Tel: (617) 646-8000<br>Fax: (617) 646-8646 |